# BRAZEE v. PEOPLE OF THE STATE OF MICHIGAN.

## ERROR TO THE SUPREME COURT OF THE STATE OF MICHIGAN.

No. 402.    Argued April 6, 1916.—Decided May 22, 1916.

A State, exercising its police power, may require licenses for employment agencies and prescribe reasonable regulations in respect to them to be enforced according to the legal discretion of a commissioner.

The provisions in Public Act No. 301 of Michigan of 1913, imposing a license fee to operate employment agencies and prohibiting employment agents from sending applicants to an employer who has not applied for labor, are not unconstitutional as depriving one operating an employment agency of his property without due process of law or as denying him the equal protection of the laws.

Provisions in the statute limiting fees that may be charged by those licensed thereunder are severable, and might, if unconstitutional, be eliminated without destroying the statute.

The validity of severable provisions of the statute involved in this case not having been raised by the charge against one violating it, and not having been considered by the court below, has not been considered by this court.

183 Michigan, 259, affirmed.

THE facts, which involve the constitutionality under the Fourteenth Amendment of Public Act No. 301 of 1913 of Michigan, imposing licenses on the conducting of employment agencies, are stated in the opinion.

*Mr. Proctor Knott Owens* for plaintiff in error:

The provision in § 5 of the statute is unconstitutional in that it abridges the right and liberty to contract, and is a denial of due process of law. The whole act is unconstitutional under the Fourteenth Amendment.

The penalty provisions of the statute are unconstitutional.

The facts are reviewable by this court.

The case is one of unjust discrimination.

For applicable cases on the Fourteenth Amendment see, *Dingeman* v. *Lacy*, 180 Michigan, 129; *Butchers Union* v. *Crescent Live Stock Co.*, 111 U. S. 746; *Chicago* v. *Umpff*, 45 Illinois, 90, 92; *Ex parte Dicky*, 144 California, 234; *In re Grice*, 79 Fed. Rep. 627; *In re Chaddock*, 75 Michigan, 527; *Kelleyville Coal Co.* v. *Harrier*, 207 Illinois, 624; *Leep* v. *Railway Co.*, 38 Arkansas, 407; *Brown* v. *Cook County*, 84 Illinois, 590; *Matthews* v. *The People*, 202 Illinois, 389; McQuinlan, Municipal Ordinance, 193; *Missouri* v. *Loomis*, 115 Missouri, 307; *Ohio Life Ins. Co.* v. *De Bolt*, 16 How. 431; *People* v. *Gilson*, 109 N. Y. 389; *Valentine* v. *Berrien County*, 124 Michigan, 664; *People* v. *Wilson*, 249 Illinois, 195; *Scowden's Appeal*, 96 Pa. St. 422; *Spring Valley Water Co.* v. *San Francisco*, 165 Fed. Rep. 667; *Maine* v. *Mitchell*, 97 Maine, 66; *State* v. *Moore*, 113 N. Car. 697; *State* v. *Sheriff*, 48 Minnesota, 236; *San Antonio* v. *McHaffy*, 96 U. S. 315; *Spokane* v. *Macho*, 51 Washington, 322; *Tugman* v. *Chicago*, 78 Illinois, 405; *Moore* v. *St. Paul*, 48 Minnesota, 332; *William* v. *Mayor*, 2 Michigan, 568; *Yick Wo* v. *Hopkins*, 118 U. S. 356.

*Mr. Grant Fellows*, Attorney General of the State of Michigan, with whom *Mr. David H. Crowley* was on the brief, for defendant in error.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

Brazee having taken out a license to conduct an employment agency in Detroit under Act 301, Public Acts of Michigan, 1913, was thereafter convicted upon a charge of violating its provisions by sending one seeking employment to an employer who had not applied for help. He claimed the statute was invalid upon its face because in

conflict with both state and Federal Constitutions, and lost in both trial and Supreme Courts.  183 Michigan, 259. Now he insists it offends that portion of the Fourteenth Amendment which declares, "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

The general purpose of the act is well expressed in its title—"An Act to provide for the licensing, bonding and regulation of private employment agencies, the limiting of the amount of the fee charged by such agencies, the refunding of such fees in certain cases, the imposing of obligations on persons, firms or corporations which have induced workmen to travel in the hope of securing employment, charging the Commissioner of Labor with the enforcement of this act and empowering him to make rules and regulations, and fixing penalties for the violation hereof."   It provides: Sec. 1. No private employment agency shall operate without a license from the Commissioner of Labor, the fee for which is fixed at $25 per annum except in cities over two hundred thousand population, where it is $100; this license may be revoked for cause; the Commissioner is charged with enforcement of the act and given power to make necessary rules and regulations.  Sec. 2.  A surety bond in the penal sum of one thousand dollars shall be furnished by each applicant. Sec. 3.  Every agency shall keep a register of its patrons and transactions.  Sec. 4.  Receipts containing full information regarding the transactions shall be issued to all persons seeking employment who have paid fees.  Sec. 5. "The entire fee or fees for the procuring of one situation or job and for all expenses, incidental thereto, to be received by any employment agency, from any applicant for employment at any time, whether for registration or other

purposes, shall not exceed ten per cent. of the first month's wages;" no registration fee shall exceed one dollar and in certain contingencies one-half of this must be returned. Sec. 6. "No employment agent or agency shall send an applicant for employment to an employer who has not applied to such agent or agency for help or labor;" nor. fraudulently deceive any applicant for help, etc. Sec. 7. No agency shall direct any applicant to an immoral resort or be conducted where intoxicating liquors are sold. Sec. 8. Violations of the act are declared to be misde-   · meanors and punishment is prescribed.

The Supreme Court of Michigan held "the business is one properly subject to police regulation and control;" the prescribed license fee is not excessive; provisions of the state constitution in respect of local legislation are not infringed; and no arbitrary powers judicial in character are conferred on the Commissioner of Labor. But it did not specifically rule concerning the validity of limitations upon charges for services specified by § 5.

Considering our former opinions it seems clear that without violating the Federal Constitution a State, exercising its police power, may require licenses for employment agencies and prescribe reasonable regulations in respect of them to be enforced according to the legal discretion of a commissioner. The general nature of the business is such that unless regulated many persons may be exposed to misfortunes against which the legislature can properly protect them. *Williams* v. *Fears*, 179 U. S. 270, 275; *Gundling* v. *Chicago*, 177 U. S. 183, 188; *Lieberman* v. *Van de Carr*, 199 U. S. 552, 562, 563; *Kidd, Dater Co.* v. *Musselman Grocer Co.*, 217 U. S. 461, 472; *Engel* v. *O'Malley*, 219 U. S. 128, 136; *Rast* v. *Van Deman & Lewis*, 240 U. S. 342, 365; *Armour & Co.* v. *North Dakota*, 240 U. S. 510, 513. See *Moore* v. *Minneapolis*, 43 Minnesota, 418; *Price* v. *People*, 193 Illinois, 114; *Armstrong* v. *Warden*, 183 N. Y. 223. In its general scope and so far as now

sought to be enforced against plaintiff in error the act in question infringes no provision of the Federal Constitution. The charge relates only to the plainly mischievous action denounced by § 6. Provisions of § 5 in respect of fees to be demanded or retained are severable from other portions of the act and, we think, might be eliminated without destroying it. Their validity was not passed upon by the Supreme Court of the State and has not been considered by us.

The judgment of the court below is

*Affirmed.*