ANDREW F. McBRIDE, COMMISSIONER OF LABOR OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. CHARLES CLARK, TRADING AS OFFICE AND TECHNICAL EXCHANGE, DEFENDANT-APPELLANT.

CHARLES CLARK, PROSECUTOR, v. ANDREW F. McBRIDE, COMMISSIONER OF LABOR OF THE STATE OF NEW JERSEY, DEFENDANT.

Submitted May 26, 1924—Decided August 18, 1924.

Employment Agencies—Licenses Therefor—Constitutionality of Statute Requiring Licenses Sustained—Police Power Extends to Public Morals—Right of Commissioner of Labor to Withhold Licenses for Cause Sustained.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *Grover C. Richman* and *Edward L. Katzenbach*.

For the respondent, *Lum, Tamblyn & Colyer*.

PER CURIAM.

These causes present substantially the same questions to this court and will be dealt with together. The first is an appeal from a judgment of the First District Court of the city of Newark, in which the commissioner of labor recovered a penalty in the sum of $250 against Clark for conducting an employment agency without a license therefor in violation of section 3 of chapter 227 of the laws of 1918, entitled "An act to regulate the keeping of employment agencies." This section, in its pertinent provision, is as follows: "(a) No person shall open, keep or carry on any employment agency as above defined unless such person shall procure a license therefor from the commissioner of labor." For violation of this provision a penalty of not less than $50 and not more than $250 is imposed by the act.

The case of Clark v. McBride is on *certiorari* directed to the commissioner of labor, bringing before the court the refusal of the commissioner to grant a license to Clark to carry on an employment agency.

The cases are argued here upon constitutional grounds. The constitutional provisions claimed to be violated by the judgment of the District Court and by the action of the commissioner in refusing the license to Clark are the fifth amendment of the federal constitution, which provides: "Nor shall any person be deprived of life, liberty or property without due process of law;" the fourteenth amendment of the federal constitution, which provides: "Nor shall any state deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of its laws;" and section 1, article 1 of the state constitution, which provides: "All men are by nature free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing and protecting property, and pursuing and obtaining safety and happiness."

The right of a state, under the constitution of the United States, to regulate the business of employment agencies, has been clearly established by the Supreme Court of the United States in the case of *Brazee* v. *Michigan,* 241 *U. S.* 340; the court, in that case, using this language: "Considering our former opinions, it seems clear that without violating the federal constitution a state, exercising its police powers, may require licenses for employment agencies and prescribe reasonable regulation in respect to them, to be enforced according to the legal discretion of a commissioner." Many authorities are cited in the opinion filed in that case, supporting the conclusion there reached.

It is common knowledge that the business of an employment agency is one dealing with a great body of our population, both native and foreign born, which is susceptible to imposition, deception and immoral influences. Embracing, as it does, male and female, the ignorant, the poor, the young as well as the old, the weak and the strong, it would seem

to be appropriate that the state should regard them as peculiarly situated for the exercise of its protecting arm. In consequence of these conditions and the dangers to which this great body of people is exposed, many states have adopted similar legislation, among them the state of Michigan, upon the legislation of which the cited case arose.

Regarding the right of the state to regulate the employment agency, in so far as the federal constitution is concerned, is clear, we think, upon reasons analogous to those expressed by the Supreme Court of the United States as well as those set forth in the foregoing recital, the constitution of our own state is not offended in the enactment of the law in question. The right of a state to regulate under its police powers a business which involves dangers to public morals and public health cannot at this date be called in question. It is not an infringement of any right that the legislature has prescribed that he who engages in the business of an employment agency should first submit himself to the permission and license of the state, or that he shall be subject to reasonable regulation in the conduct of such business. The conclusion we reach is that the act in question is within the police power of the state, in so far as it requires the obtaining of a license by one seeking to engage in the business of an employment agency. There was therefore no error in the judgment rendered in the imposition of the fine of $250 on the appellant for conducting his business without such license.

In the case arising upon the refusal of the commissioner of labor to issue a license to the prosecutor we reach a similar conclusion. The power to grant a license under the statute has been vested in the commissioner within certain limits. It is obvious that unless a hard and fast line of conditions is indicated in the legislation itself, the power of deciding upon the fitness of the applicant must be vested in some other authority if the purpose of the act is to be made effective. In the case of *Brazee* v. *Michigan, supra,* there were many regulations vested in the discretion of the commissioner of labor, and this authority was expressly sanctioned by the Supreme Court. Under section 10 of our own statute the

commissioner of labor may refuse to issue any license "for any good cause shown" within the meaning and purpose of the act. Among the conditions of obtaining such license are that the "applicant shall be required to furnish satisfactory proof of good moral character in the form of affidavits," and imposes upon the commissioner the duty of investigating the character of the applicant. Deeming the business as one justifying intervention of the legislature for the safety of the public morals and public health under its police powers, and that the power to determine the fitness and qualifications of those seeking to engage in the business was properly given to the commissioner, the question arises, was the power legally exercised in the individual case, the commissioner having refused the prosecutor's application for a license upon the grounds (1) that the applicant had already violated the statute by carrying on the business without a license, well knowing the legal requirements therefor, and (2) that the schedule of fees proposed by the relator were not approved by the commissioner.

Upon the first ground it is our opinion that the commissioner was justified in refusing the license. The prosecutor had previously carried on the business of an employment agency in the city of Newark; he knew the requirements of the statute respecting license and regulation; he proceeded to determine the validity of the act for himself instead of testing the same by orderly and legal methods, and exhibiting himself as one prepared to set the law at defiance, he obstinately refused to apply for a license, and continued to carry on the business until brought before the court and fined. Upon such conduct we think the commissioner was justified in refusing the application for a license. Regarding the first reason for refusing the prosecutor's application for license as good and sufficient we do not pass upon the added reason that the schedule of fees as proposed was disapproved.

The result we reach is that the judgment in the case of McBride *v.* Clark will be affirmed, with costs, and in the case of Clark *v.* McBride on *certiorari,* that the action of the commissioner in refusing the license will also be affirmed, with costs.