Allen, J.
 

 Plaintiff in error claims that the ordinance is unconstitutional' in that it conflicts with Section 5868 of the Ohio General Code and violates Sections 1 and 2 of Article I, and Section 26 of Article II, of the Ohio Constitution.
 

 We shall consider these questions in order.
 

 Section 5868, General Code, reads as follows:
 

 “The court of common pleas, or a judge thereof in vacation, may appoint and license suitable persons residing in the county, to exercise the occupation of auctioneer and make sales by auction, according to law, for one year from the date of such appointment. Such person so appointed may exercise such occupation in any county in the state during such appointment.”
 

 Plaintiff in error’s contention, in brief, is that the above-quoted section of the Code authorizes a suitable person to ply his trade as auctioneer in any county of the state for one year after appointment and license by the Court of Common Pleas or a judge thereof in vacation, and makes no definition as to the field in which he shall act as auctioneer; that the city council of Cleveland then passes an ordinance making it illegal for the same
 
 *402
 
 person licensed for .one year by the Court of Common Pleas or by a judge thereof, under the provisions of the statute, to act as auctioneer of jewelry in Cleveland, Ohio', for more than 60 days in any 1 year, and that hence the. ordinance necessarily conflicts with Section 5868.
 

 We fail to see how the above-quoted general statute conflicts with the ordinance under discussion. The statute does not specifically authorize a person to make sales of jewelry by auction for one year from the date of appointment and license. It is a general enactment defining only the general provisions under which a state license to engage in the occupation of auctioneer may be secured. A state license when obtained has to be used in conformity with the specific laws which govern the classes of sales made by auction. One could not under this law auction drugs forbidden under other laws to be sold at all. This holding is made inevitable by the plain terms, of the statute, which reads that “the court of common pleas * * * may appoint and license suitable persons * * * to * * * make sales bv auction,
 
 according to lam *
 
 *
 

 The first contention is therefore overruled.
 

 2. Does this ordinance conflict with Sections 1 and 2 of Article I of the Constitution of Ohio and the Fourteenth Amendment to the federal Constitution? These provisions read as follows:
 

 Article I, Section 1. “All men are, by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing, and
 
 *403
 
 protecting property, and seeking and obtaining happiness and safety.”
 

 Article I, Section 2. “All political power is inherent in the people. Government is instituted for their equal protection and benefit, and they have the right to alter, reform, or abolish the same, whenever they may deem it necessary; and no special privileges or immunities shall ever be granted, that may not be altered, revoked, or repealed by the General Assembly.”
 

 Article XIV, Section 1, IT. S. Constitution. “All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which .shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.”
 

 Plaintiff in error’s contention upon this point is that the law is confiscatory and hence deprives him of his right to use and enjoy his property without due process of law. He claims that the ordinance does not regulate, but prohibits, the auctioning of jewelry.
 

 We differ from the plaintiff in error in our view of the ordinance. In our opinion it does not prohibit the sale of jewelry by auction; it allows such sale for a limited period of time during' each year and regulates the conditions under which such sale by auction may take place. The law is not confiscatory for it leaves the plaintiff in possession
 
 *404
 
 of his property and entitled to and enabled to dispose of it. It only requires that the plaintiff dispose of his property subject to the provisions of the act. Hence there is no taking of property involved in the case; there is an incidental inconvenience and possibly some loss arising to the plaintiff in error from the enforcement of the regulations.
 

 Plaintiff in error seems to consider that, he should be immune from this inconvenience and possible loss because of the existence of the constitutional provisions before quoted.
 

 Under the decisions of the United States, and of this state, it is held that the inalienable rights, given to the citizens, of this state in Article I of the Ohio 'Constitution, and the equal protection and benefit guaranteed them in that document as well as in the federal Constitution, do not render the citizens immune from the operation of the police power.
 

 If the ordinance is valid, it is so because it falls within the police power, and if within the police power the fact that plaintiff’s trade is regulated thereby, and that incidental loss may result to him therefrom, does not impair the validity of the ordinance.
 

 Does the ordinance fall within the police power?
 

 Now, the police power relates not merely to the public health and to public physical safety, but also to public financial safety. Laws may be passed within the police power to protect the public from financial loss. Thus the act of the Legislature which regulates the general business of dealing in chattel loans ha.s been held valid, as
 
 *405
 
 falling within the police power.
 
 Wessell
 
 v.
 
 Timberlake,
 
 95 Ohio St., 21, 116 N. E., 43, Ann. Cas., 1918B, 402. In that ease the precise claim was made that the regulation was arbitrary and unreasonable and a denial of due process, but the court held otherwise. And in that case it was stated in the opinion (page 36 [116 N. E., 47]) that “while the right of a state to regulate business, trade or occupation is of much later recognition and development than the right to regulate the rate of interest, it nevertheless is equally well settled to-day, that, in the interest of the public welfare, business, trades and occupations may be so regulated as to prevent extortion, fraud, restraint, monopolistic control of products or prices, and so on.”
 

 The act relating to the transfer of stocks of merchandise and fixtures otherwise than in the usual course of trade, that is to say, regulating the sale of goods, has been upheld by this court.
 
 Steele, Hopkins & Meredith Co.
 
 v. Miller, 92 Ohio St., 115, 110 N. E., 648, L. R. A., 1916C, 1023, Ann. Cas., 1917C, 926.
 

 The business of running an employment agency may be regulated.
 
 Brazee
 
 v.
 
 Michigan,
 
 241 U. S., 340, 36 S. Ct., 561, 60 L. Ed., 1034, Ann. Cas., 1917C, 522.
 

 The selling of stocks may be regulated.
 
 Hall, Supt. of Banks,
 
 v.
 
 Geiger-Jones Co.,
 
 242 U. S., 539, 37 S. Ct., 217, 61 L. Ed., 480, L. R. A., 1917F, 514, Ann. Cas., 1917C, 643.
 

 There is no conflict between these decisions and the case of
 
 Sipe
 
 v. Murphy, 49 Ohio St., 536, 39 N. E., 884, 17 L. R. A., 184. In that case a
 
 *406
 
 palpable discrimination existed. The ordinance in that case expressly discriminated between goods manufactured and sold in Columbus and imports into 'Columbus from outside.
 

 The council of the city of Cleveland under the police power bad authority to enact the ordinance here under consideration, and the general guaranties of the Ohio and federal Constitutions, cited above, do not make the plaintiff in error immune from the operation of such ordinance.
 

 Is the ordinance in conflict with Section 26, Article II, of the Ohio Constitution, the pertinent part of which reads:
 

 “All laws, of a general nature, shall have a uniform operation throughout the state * * V’
 

 Plaintiff in error claims that an unreasonable and arbitrary discrimination has been made in this ordinance in that it applies only to auctioneers of jewelry and not to dealers in other classes of articles. His argument seems to be that as the ordinance does not regulate the business of selling automobiles or any other commodity, it cannot regulate the selling of jewelry by auction.
 

 A classification is made by the ordinance. It does impose upon auctioneers of jewelry regula: tions different from those imposed by law upon auctioneers of other articles. However, there is a reason for this classification. " The ordinance covers the sale at auction of jewelry, clocks, gold and silver plate, precious stones, and watches. There is a reason for rigid regulation of this business, which does not exist with regard to other kinds of auctions. The public is unable to test the purity of the precious metals upon sight; the public is
 
 *407
 
 unskilled in the value of gold and silver and diamonds. Scientific tests are necessary to establish the purity of such articles, and the practices followed in selling them by auction, with the competition which results in the contest, may result in actual fraud upon the property rights of the citizens.
 

 “Any trade, calling or occupationi may be reasonably regulated if ‘the general nature of the business is such that unless regulated many persons may be exposed to misfortunes against wnich the Legislature can properly protect them.’ ”
 
 People
 
 v.
 
 Beakes Dairy Co.,
 
 222 N. Y., 416, 119 N. E., 115, 3 A. L. R., 1260.
 

 The classification hence is reasonable. Its validity cannot be attacked merely because its scope was not extended to cover the entire field of possible abuses of this kind.
 
 Yee Bow
 
 v.
 
 City of Cleveland,
 
 99 Ohio St., 269, 124 N. E., 132, 12 A. L. R., 1424.
 

 Moreover, there is no discrimination within Hols-man’s class. No other auctioneer of jewelry in .Cleveland has greater rights than Holsman under the ordinance. Under the ordinance Holsman’s rights are equal with those of every other seller of jewelry who desires to sell at auction in the city of Cleveland. Therefore the plaintiff in error cannot attack the ordinance upon this ground.
 
 Murphy
 
 v.
 
 City of Toledo,
 
 108 Ohio St., 342, 140 N. E., 626.
 

 These considerations dispose of the contention of plaintiff in error that the ordinance violates Section 1, Article XIV, of the federal Constitution.
 

 Legislation of this same kind has lately been enacted in other states, and been upheld. An act
 
 *408
 
 known as the “Sunset Law” was passed by the New York State Legislature, prohibiting* the sale of jewelry and precious stones under artificial light, and the statute has recently been upheld by the Appellate Division of the Supreme Court of New York,
 
 Biddles, Inc.,
 
 v.
 
 Enright, Police Commr.,
 
 208 App. Div., 790, 203 N. Y. S., 920.
 

 In the
 
 Biddles case
 
 the judgment of the general term was unanimously affirmed upon the following ground:
 

 “Considering the history of the legislation upon the question involved, the reasons advanced as justifying the law preventing theft and protecting the public from fraud, and in view of other similar legislation now upon the statute books and the decisions of our courts upon this and kindred subjects, we are of opinion that the acts in question tend to protect the safety and welfare of the community, and are within the rule laid down by the Court of Appeals in
 
 Ives
 
 v.
 
 South Buffalo Rd. Co.,
 
 (201 N. Y., 301).”
 

 The city of Baltimore recently enacted an ordinance prohibiting (subject to certain exceptions) the sale of jewelry by auction, giving the right to those persons to sell who shall have been continuously in business in Baltimore for one year, and limiting such auction sales, to a continuous period not exceeding 30 days. The Baltimore ordinance is more drastic in the period allowed for sale and in other features than the Cleveland ordinance.
 

 The constitutionality of the Baltimore ordinance was attacked in the courts and upheld by. the Maryland Court of Anneals.
 
 Mogul
 
 v.
 
 Gaither, Police Commissioner,
 
 142 Md., 380 (121 A., 32).
 

 
 *409
 
 In its opinion the- court said at page 387 (121 A., 34):
 

 “The obvious purpose of the ordinance in question is to prohibit
 
 the business
 
 of conducting auction sales of the articles mentioned, as distinguished from such sales by merchants, who have been continuously in business for the period of one year, of the stock on hand. In other words, while prohibiting auction sales of such articles by those who conduct them as a business, the ordinance permits merchants who have an established business of one year’s standing to dispose of their stock on hand upon certain conditions.
 

 “In disposing of this branch of the case the learned court below said: ‘In drawing this ordinance its framers knew that common knowledge and experience shows,: * * * (1) That a public auction sale is not the usual method of selling merchandise like that named in the ordinance. (2) That but two classes of persons sell such merchandise at public auction,, viz: (a) Reputable merchants, because, either retiring from business, or of a wish to reduce inventory, or of the need or wish to raise money more quickly than by sale in the ordinary course of business. (b) By merchants, not reputable, who- would make sales at public auction from a, desire to deceive and defraud the public, who often are itinerant merchants with but little, if any, financial responsibility, who go from place to place to make such sales and remain in each place but a short time, leaving it in time to avoid being held civilly or criminally responsible for the fraud of such sales.’ Whether this is an accurate description of the classes of
 
 *410
 
 persons who sell merchandise at public auction it is not necessary for us to determine, but it is apparent that auction sales of the class prohibited may be attended with much greater risk to the public than the auction sales permitted upon the conditions named, and that the classification made by the ordinance is not an arbitrary one, but one that bears a reasonable relation to the object sought to be accomplished by it.”
 

 For the above reasons, the judgment of the lower courts will be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day and Kinkade, JJ., concur.