STATE ex BETTMAN v CANFIELD OIL CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9902.   Decided May 20, 1929

Messrs. Gilbert Bettman, Cincinnati, and Oscar Brown, Cleveland, for State ex Bettman.

Messrs. Chamberlain, Marty & Fuller, Cleveland, for Oil Co.

**LEVINE, J.**

In the brief of counsel for plaintiff, considerable space is devoted to the question whether the facts stated in the defendant's answer constituted in law or in equity a set-off or counter-claim. Section **11319 GC.** defines a setoff.

Section **11317 GC.** defines a counter-claim.

If the allegations of defendant's answer are to be treated in the nature of a cross-demand, it is to say the least doubtful whether the above section embraces it within its terms. This cross-demand of defendant does not arise out of contract for it has been declared in **Peter v. Parkerson, 85 OS. 36,** that a tax is not a debt, fine or judgment. A tax arises by operation of law and not by virtue of contract. Likewise it did not arise out of the transaction set forth in the petition as the foundation of the plaintiff's claim because the excise tax sought to be recovered by the plaintiff's petition, is for gasoline sold during the month of May, 1927, whereas the cross-demand of the defendant accrued between the period of July 1, 1925 and March 1926. It will also be seen that it is not connected with the subject of the action as set forth in plaintiff's petition.

As to the argument made by the state that it is a well recognized rule that no person can sue the state without its permission unless the statutes specifically provide therefor, and that no such statute was ever enacted in Ohio, we do not deem the same of serious weight for the reason that while it may be true that under the present state of the law the defendant could not sue the state for excess taxes paid by it, it would be entirely competent for the defendant, were it not for other considerations, to withhold payment of an obligation to the state on the basis of the over-payment previously made. We are inclined to the opinion, however, that the allegations of defendant's answer do not amount to a set-off or counter-claim within the terms and wording of Secs. **11317** and **11319 GC.**

Waiving aside technical rules of pleading and considering the facts in the light of equitable considerations, it seems to us clear that while the collection of the gasoline tax is made through the dealer the fact must be recognized that the tax is in realty imposed upon the consumer. The law of the state seems to recognize that fact as **5534 GC.** which deals with reimbursements of the tax when the fuel is used for any other purpose than the propulsion of motor vehicles, provides that:

"Any person * * * who shall use motor vehicle fuel, * * * shall be reimbursed to the extent of the amount of the tax so paid on such motor vehicle fuel * *."

The reimbursement is made to the consumer and not to the dealer. A dealer is charged with the collection of the tax for administrative purposes only. The tax is upon the enjoyment of the privilege of using motor vehicle fuel. **State v. Brown 112 OS. 397.**

Sec. **5532 GC.** provides as follows:

(Here follows quotation)

The legislature undoubtedly had some purpose in mind when it provided that the "bill rendered by the dealer to all purchasers shall have printed thereon in a conspicuous place a statement that the liability to the state for the excise tax has been assumed by the dealer * * *."

We do not intend to decide in the instant case that the consumers of defendant's benzol gas product who have retained their bills furnished them at the time of purchase, between July 1, 1925 and March 1926, would be entitled to a refund from the state. All that we seek to point out is that if the dealer's claim is maintained, surely the state would have to recognize the claim of the consumer who in point of facts actually paid the tax.

Stripping the matter of technical considerations and getting at the essentials, it would seem the dealers when they collected the two cents per gallon from the con-

sumer, became holders of trust funds for the benefit of the state. A mere naked trustee cannot assert a cross-demand to inure to his own benefit. The defendant would be unjustly enriched should its claim be allowed to prevail.

It is well settled that voluntary payment made under a mistake of law cannot be recovered back. Was the payment of the tax on benzol content voluntary? Counsel for defendant insists that it was an involuntary payment. Citing Swan's Treatise, p. 622.

It is quite clear that the tax upon gasoline can only be collected by the state of Ohio upon default of payment, by suit in a court of competent jurisdiction. It is true that the Code imposes a penalty of fifteen percent upon delinquent payments, but the same was designed merely to accelerate prompt payment. The defendant had other means of protecting its business than by payment. It could have refused to pay and in a suit by the state to collect, could have successfully resisted such payment.

As to what constitutes a voluntary or involuntary payment, there is ample law in the state of Ohio and other states covering the subject.

**Mays v. Cincinnati, 1 OS. 268.**

The mere fact that it was made under protest does not make the payment involuntary.

45 Iowa 185.
**Whitbeck v. Minch, 48 OS. 210.**
**Baker v. Cincinnati, 11 OS. 534.**
Cooley on Taxation, Sec. 1283
Also page 2569.

In Commonwealth v. Land Co. 23 Kans. 196, the state supreme court sustained a tax and the party assessed paid it and took a state certificate. The United States Supreme Court afterwards declared the state tax void and notwithstanding such decision the state supreme court declared the payment to have been made voluntarily.

See **Wilson v. Pelton, 40 OS. 306.**
**City of Marietta v. Slokump, 6 OS. 471.**

The record fails to disclose any circumstances which would indicate that the payment was made by defendant in order to release any person or persons connected with it or its property from detention or to prevent a seizure of either by the State. The only method permitted by law for the collection of the tax is for the state to institute suit in a court of competent jurisdiction. The defendant could have refused such payment and in case of suit could have successfully defeated the efforts of the state. Instead it chose to rely upon the opinion of the attorney general of the state and made its successive payments under an erroneous impression as to the interpretation of the law.

We hold that the payment of taxes made under mistake of law but with full knowledge of the facts, was a voluntary payment and cannot be recovered, notwithstanding the subsequent declaration of the Supreme Court that the tax on benzol content was not available to the State.

Upon the above consideration we hold that the common pleas court committed error in overruling the demurrer of plaintiff to the defendant's answer, and that it also committed error in rendering final judgment for the defendant.

The judgment of the common pleas court will therefore be reversed and judgment will be entered in favor of the State of Ohio.

Vickery, PJ, and Sullivan, J, concur.