NITRATE AGENCIES Co., Plaintiff and Appellant, *v.* JUAN G. GALLARDO, substituted by MANUEL V. DOMENECH, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 5236. Argued May 13, 1932.—Decided February 8, 1933.

*O. B. Frazer* and *R. Castro Fernández* for appellant. *Charles E. Winter, Attorney General* (*James R. Beverley* on the brief), and *Felipe Janer* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The plaintiff is a corporation organized under the laws of the State of West Virginia. In making its income tax returns to the Treasurer of Puerto Rico it attempted to make a deduction of $4,000 from its total gross income on the theory that it was exempt from paying taxes for the said $4,000 by reason of the provisions of section 34 of the Income Tax Act of 1925 (Session Laws, p. 400). The plaintiff's income exceeded $70,000. The Treasurer refused to make the deduction. The theory of the answer was that the said section applied only to domestic corporations and that the plaintiff corporation was not entitled to the said deduction. Section 34 provides in part as follows:

"For the purpose only of the tax imposed by section 28 there shall be allowed the following credits:

"\*     \*     \*     \*     \*     \*     \*

"(b) In the case of a domestic partnership or corporation the net income of which does not exceed twenty-five thousand ($25,000) dollars, a specific credit of $5,000, and in other cases a specific credit of $4,000."

This section is preceded by a title which says "Credits Allowed Corporations or Partnerships." Section 34 is the only section under that title. Section 28, to which reference is made in section 34, says:

"There shall be levied, collected, and paid for each taxable year upon the net income of every corporation or partnership a tax of

12½ per centum of the net income in excess of the credits provided in section 34."

Section 28 is preceded by the title "Tax on Corporations and Partnerships." No other section is included within that title. In other words, the tax is on each and every corporation, domestic or foreign, doing business in Puerto Rico. Thus, it was plainly the intention of the Legislature that all corporations should pay 12½ per cent of the amount of the net income in excess of the credit provided for in section 34.

Likewise section 37 of the same act which provides for corporation or partnership returns refers to the credit provided in paragraph (b) of section 34 and again shows that the Legislature had in mind deductions for all corporations.

Specifically, paragraph (b) of section 34 says that a domestic corporation whose income does not exceed $25,000 shall have a credit of $5,000 and at the end these words are used: "and in other cases a specific credit of $4,000."

It is very possible that at first reading, the grammatical connection might seem to refer to domestic corporations alone, thus excluding any foreign corporation. However, the intention of the Legislature must be deduced by taking the two section together, and it is not a great strain on the words to say that "in other cases" refers to all the other corporations necessarily included in section 28 of the law. We come to this conclusion because a privilege of this kind extended exclusively to domestic corporations would make the law unconstitutional. *Southern Railway Co.* v. *Greene*, 216 U. S. 400; *Travis* v. *Yale & Towne Mfg. Co.*, 252 U. S. 60; *Kentucky Co.* v. *Paramount Exch.*, 262 U. S. 544; *Hanover Ins. Co.* v. *Harding*, 272 U. S. 494; *Power·Co.* v. *Saunders*, 274 U. S. 490; *Quaker City Cab Co.* v. *Penna.*, 277 U. S. 389.

Every effort should be made to sustain the constitutionality of the law. *Ponce Lighter Co.* v. *Mun. of Ponce*, 19 P.R.R. 725; *The People* v. *Neagle*, 21 P.R.R. 339, and cases cited therein.

In the income tax law passed in 1919 by the Senate and House of Representatives of the United States, entitled "An Act to provide revenues and for other purposes," domestic and foreign corporations are defined as follows:

"The term 'domestic' when applied to a corporation or partnership means created or organized in the United States;

"The term 'foreign' when applied to a corporation or partnership means created or organized outside the United States;

"The term 'United States' when used in a geographical sense includes only the States, the Territories of Alaska and Hawaii, and the District of Columbia." 40 Stat. at L. 1058.

Under section 2 of the local act which we have been considering (No. 74 of 1925, p. 400), we find the following:

"  *          *          *          *          *          *          *

" (4) The term 'domestic' when applied to corporations or partnerships means those created or organized in Porto Rico under the laws of Porto Rico."

Hence it is evident that the construction of section 34 contended for would exclude the plaintiff in this case. It is possible that the draftsman of the local law was following the Federal income tax law and referred to domestic corporations as did the Federal law, but the local Legislature, as shown, clearly defined domestic corporations in a different manner. We hold, however, that an intention was displayed of taking all corporations more or less alike and not of excluding any of them from the benefit of some deduction.

If the point is made that this reasoning would not apply to a corporation whose income was less than $25,000, we may say that that case is not distinctly before us. The corporation in this suit clearly had an income of more than $25,000. It may be, therefore, that at some other time we might have to say that the specific credit of $5,000 allowed to a domestic corporation whose income was less than $25,000 was unconstitutional, but we might do this without declaring the whole statute void. *Brazee* v. *Michigan*, 241 U. S. 340; *Weller* v. *New York*, 268 U. S. 319.

The judgment should be reversed and the return prayed for made.

Mr. Chief Justice Del Toro dissented.

Mr. Justice Hutchison agrees with the result.