In the Matter of the Application of MAX COLMES and Another, Petitioners, for a Certiorari Order Directed to EDWIN H. FISHER, as Director of Licenses of the City of Buffalo, New York, Respondent.*

Fourth Department, December 7, 1933.

*James C. Sweeney*, for the petitioners.

*Charles L. Feldman* [*Hyman Sapowitch* with him on the brief], for the respondent City of Buffalo.

*Adrian Block*, for Retail Merchants Association and others.

PER CURIAM. It has not been made to appear that these petitioners have violated section 25 of the General Business Law with reference to keeping books. However, satisfactory proof was presented to the director of licenses that petitioners as auctioneers sold personal property at the location in question which at the

* Affd., 264 N. Y. 65.

time of the auction did not belong to Carolyn Dorn nor had it made up the whole or a part of a stock of goods of a person, firm or corporation continuously engaged in the city of Buffalo in dealing in such goods, wares and chattels for a period of at least one year immediately preceding the time of the commencement of the sale. The proof presented as to this is the more convincing for the reason that no testimony to the contrary was offered in behalf of petitioners when such proof, if it existed, was readily obtainable. In this the appellants acted in conflict with the terms of section 6 of chapter XXIV of the ordinances of the city of Buffalo. We conclude that the city council of the city of Buffalo had power to enact this section of the ordinances of the city of Buffalo. Auctions are subject to regulation. As to classification wide latitude is allowed to legislative action. (*Radice* v. *New York*, 264 U. S. 292; *People ex rel. Bryant* v. *Zimmerman*, 213 App. Div. 414; affd., 241 N. Y. 405; affd., 278 U. S. 63.) We cannot say that the ordinance in question is arbitrary, capricious or unreasonable when considered in relation to the evil of risk to customers which it is intended to remove. (*Saigh* v. *Common Council of Petoskey*, 251 Mich. 77; *Billig* v. *State*, 157 Md. 185; *Mogul* v. *Gaither*, 142 id. 380; *Holsman* v. *Thomas*, 112 Ohio St. 397; *Moore* v. *Oklahoma City*, 161 Okla. 205.)

All concur, except TAYLOR and LEWIS, JJ., who dissent and vote to annul the determination in the following memorandum: The sections of the ordinances in question (§§ 1, 3, 6 and 7 of chap. XXIV of the Ordinances of the City of Buffalo) prohibit the sale by any auctioneer at public auction of any kind of personal property except household goods, horses and other livestock "unless the same consist of the whole or part of a stock of goods of a person, firm or corporation continuously engaged in the City of Buffalo in dealing in such goods, wares and chattels, for a period of at least one year immediately preceding the time of the commencement of such sale; but such sale may be conducted by a purchaser of such goods, wares and chattels from a person, firm or corporation which has been so engaged in business for such period of one year." We find many authorities holding that ordinances which regulate the sale of various kinds of personalty, *e. g.*, jewelry and laces, except under certain restrictions such as time of sale during daylight, are valid and reasonable in the interests of public safety and protection. (*Holsman* v. *Thomas*, 112 Ohio St. 397; *Mogul* v. *Gaither*, 142 Md. 380; *Saigh* v. *Common Council of Petoskey*, 251 Mich. 77; *Matter of West*, 75 Cal. App. 591.) The reasonableness of such ordinances is quite apparent; and in general the provisions of the Buffalo ordinance sections under consideration are not

subject to adverse criticism. That municipalities have a right to reasonably regulate the conduct of the business of public auctioneers we readily concede. However, to prohibit a licensed auctioneer who is not accused of fraudulent practices from selling at public auction every kind of personal property (excepting only household goods and live stock) at any time of day or night unless the owner of the property or the vendor to the owner has been continuously engaged in a certain locality in dealing in such goods for a year — however clean a bill of health the auctioneer can show as to his business record, practices, observance of statutes, ordinances and other regulations — is unfair, discriminatory and unconscionable, and section 6 is to this extent invalid. The section forbids the carrying on of a legitimate business under conditions and circumstances such that its prohibition transcends the power of a municipal legislative body. The fact that some auctioneers may be in a position to deceive the public — especially those dealing in certain kinds of merchandise — should not lead legislators to forget that there is nothing inherently deceitful about selling at auction and that thus to hamper seriously all public auctioneers in the sale of substantially all kinds of personal property, which is the effect of the ordinances under consideration, amounts to unfair discrimination. (*Wolff Packing Co.* v. *Industrial Court*, 262 U. S. 522; *People* v. *Gibbs*, 186 Mich. 127; *New State Ice Co.* v. *Liebmann*, 285 U. S. 262; 52 Sup. Ct. Rep. 371.) It is not the bearing of the ordinance upon the situation presently under consideration which is determinative. It is elementary that what might occur under other circumstances, the general possibilities involved, furnish the test. The record does not show that petitioners have violated the provisions of section 25 of the General Business Law. (Civ. Prac. Act, § 1304, subd. 4.) Therefore — construing the specified portions of the ordinances as we do — since no lawful authority to revoke the licenses of petitioners has been indicated, the determination of the director of licenses of the city of Buffalo should be annulled, with fifty dollars costs and disbursements to petitioners and the licenses of petitioners should be restored to them.

Determination of director of licenses confirmed, with fifty dollars costs and disbursements.