FOLTZER, D. B. A. FOLTZER'S ELECTRIC CITY, APPELLEE, *v.* CITY OF CINCINNATI ET AL., APPELLANTS.

(No. 8056—Decided February 13, 1956.)

*Mr. Wm. A. Geoghegan,* for appellee.

*Mr. Henry M. Bruestle,* city solicitor, and *Mr. James W. Farrell, Jr.,* for appellants.

*Per Curiam.* This is an appeal on questions of law and fact from a judgment of the Common Pleas Court. By stipulation, it was agreed that the case should be heard by this court on the evidence and exhibit introduced in the trial court, a transcript of which was offered in evidence in accordance with the stipulation.

It appears that the plaintiff had been engaged in business in Cincinnati prior to June 1955, at the same location for more than ten years, that he contemplated going out of business, and in the process of winding up the business he proceeded to conduct a "going out of business" sale and to advertise it as such. This winding up sale was in progress at the beginning of June 1955. In the previous December, the council of the city of Cincinnati had passed an ordinance regulating "Distress Merchandise Sales" which by definition included sales of the kind conducted by plaintiff. That ordinance was introduced in evidence. In May 1955, the council amended the ordinance, and the ordinance as amended and in force at the time this action was filed was also introduced. The general purpose of the amendment was to liberalize the restrictions and make it easier to comply with the requirements for securing a license and to conduct the sale thereafter. Both the original and the amended ordinance required the securing of a license as a condition precedent to conducting such a sale.

The plaintiff did not apply for a license, and the defendants, taking notice of the fact that he was conducting an unlicensed sale, threatened to enforce the penal provisions of the ordinance. Thereupon, this action was filed to enjoin the defendants.

As the plaintiff made no effort to comply with the ordinance, he is precluded from any claim that the manner of enforcement or the construction placed upon it by the administrative officers had any effect on its validity. He is limited to the claim that the ordinance, by its very terms, is unconstitutional and void.

In support of his contention, he points out the admitted fact that he had been in business at one location for a long time, and that he was conducting a genuine winding up sale preparatory to going out of business and was not using the going out of business as a mere pretext. But the ordinance made no such distinction. If the ordinance was valid, he was conducting a sale without a license, and rendering himself liable to its penal provisions.

We do not understand that it is contended that it is beyond the power of the city of Cincinnati, under its police power, to require a license or permit to conduct such a sale and to require the payment of a license fee or to impose an excise tax thereon.

The plaintiff does contend that this ordinance is invalid because its provisions are so harsh and exacting as to render compliance virtually impossible, and, therefore, its enforcement would result in the taking of property without due process of law.

We have examined the provisions of the ordinance, and, in the absence of any attempt to comply therewith, we are of the opinion that there is nothing per se unreasonable in them.

Some suggestion was made that it was beyond the power of the city to select this particular class of sale for regulation. Classification is, perhaps, the most inveterate of our mental processes. To say that there can be no classification is equivalent to saying that there will be no legislation. If the class has a distinction in common in relation to the object to be accomplished, and all within the class are treated alike, it complies with the equal protection clause of the Constitution. And if the object to be accomplished has some relation to public health. morals, safety, general welfare, or prosperity, it is a lawful exercise of police power, and a compliance with the due process clause of the Constitution.

That sales of the kind described in this ordinance have a common characteristic and are accompanied by potential evils, which this ordinance is intended to prevent, is clear.

We see no distinction in principle between this case and *Holsman* v. *Thomas, City Clerk,* 112 Ohio St., 397, 147 N. E., 750, 39 A. L. R., 760, in which the Supreme Court sustained the validity of an ordinance of this general nature. At page 404, the court said:

"Does the ordinance fall within the police power?

"Now, the police power relates not merely to the public health and to public physical safety, but also to public financial safety. Laws may be passed within the police power to protect the public from financial loss. Thus the act of the Legislature which regulates the general business of dealing in chattel loans has been held valid, as falling within the police power."

For these reasons, the court finds that the plaintiff has failed to sustain the allegations of his petition, and the action is dismissed.

*Cause dismissed.*

HILDEBRANT and MATTHEWS, JJ., concur.

Ross, P. J., dissenting. I feel that, in view of the evidence presented, the lack of any claim by the defendants of any suspicion of fraud in the plaintiff, the unreasonable if not almost confiscatory provisions of the ordinance, when applied to the plaintiff, and the fact that the sale was carried out and consummated in fairness to the public, it would be now futile and unjust to sustain the position of the defendants.

We take the case on this appeal on questions of law and fact, as the facts now exist.

I feel that a decree similar to that entered in the Court of Common Pleas should be here entered.

Although this court did in its former entry decline to hold the case moot, I have grave doubts now as to the correctness of that holding.