ROCHESTER SANDERS, APPLICANT-APPELLANT, v.
DIVISION OF MOTOR VEHICLES, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued November 6, 1974—Decided November 19, 1974.

96

Before Judges MATTHEWS, FRITZ and BOTTER.

*Mr. I. Jacob Weingarten* argued the cause for appellant (*Mr. Peter A. Buchsbaum,* attorney).

*Miss Sherrie L. Gibble,* Deputy Attorney General, argued the cause for respondent (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney; *Mr. Stephen Skillman,* Assistant Attorney General, of counsel).

PER CURIAM. In December 1973, after a hearing on notice of a proposed suspension, the Director of the Division of Motor Vehicles suspended appellant's right to obtain a special bus and school bus driver license, the disqualifying

reason being his conviction for assault and battery within three years. The period of suspension in the order was "indefinite and until January 10, 1976, at which time you may apply for a rehearing and re-instatement of your bus driver license privilege." *N. J. S. A.* 39:3–10.1 denies the right of any person to drive certain buses and school buses unless specially licensed by the Director of the Division of Motor Vehicles, establishes certain qualifications for such license and authorizes the Director to adopt rules and regulations to fulfill the purposes of the section.

The regulation then in effect, *N. J. A. C.* 13:21–14.9 (a) 12 (i) (3), provided that the Director shall not issue or shall suspend a bus driver license if the applicant or holder has a disqualifying criminal record, defined to include a conviction within three years preceding the date of application for "crimes involving the use of force or the threat of force to or upon persons or property, such as armed robbery, *assault* and arson * * *." (Emphasis added).

In January 1973 defendant was convicted of simple assault and battery upon a juvenile and received a suspended jail term and a fine of $10 and court costs. Defendant has not urged that the regulation was not intended to embrace disorderly persons offenses involving the use of force, and the Director reasonably interpreted his own regulation to include such an offense as assault and battery.

■■ On appeal defendant urges that the refusal to issue the bus driver's license to him denies his right to work guaranteed by the Fourteenth Amendment. We disagree. The State's police authority exercised by the Director of the Division of Motor Vehicles embraces the right to impose reasonable restrictions on the issuance of licenses for various occupations in order to protect the public health and safety. *Ferguson v. Skrupa,* 372 *U. S.* 726, 83 S. Ct. 1028, 10 L. Ed. 2d 93 (1963); *Brazee v. Michigan,* 241 *U. S.* 340, 36 S. Ct. 561, 60 L. Ed. 1034 (1916); see *Schware v. Board of Bar Examiners,* 353 *U. S.* 232, 77 S. Ct. 752, 1 L. Ed. 2d 796

(1957). We find the regulation in question a reasonable exercise of state authority.

■ Nor do we find that the Director violated defendant's procedural due process rights in this case by reference to defendant's criminal record in other respects, although not included in the notice of proposed suspension. The Director's suspension was based upon the conviction in question, which was the subject matter of the notice of proposed suspension, since it occurred within three years of the date of application. In the proceedings before the Director, appellant maintained that the regulation should not be applied to disqualify appellant since the offense was minor and he had rehabilitated himself, as indicated by the discharge from supervision "with improvement" by the Essex County Probation Department. See *N. J. S. A.* 2A:168A–2, dealing with the issuance of licenses to rehabilitated persons previously convicted of a crime or disorderly persons offense.

■ In response to that argument the Director reviewed appellant's extensive prior criminal record and found that he was "hard pressed to arrive at any equitable decision that respondent has, indeed, been rehabilitated." Therefore, the Director refused to "waive" the regulations as they applied to appellant. At this juncture appellant contends that his record of conviction was not properly placed before the Director and, therefore, should not have been considered by him. However, under *Evid. R.* 9(2), applicable to hearings before administrative agencies (*Evid. R.* 2), judicial notice may be taken of the records of any court of this State or of any federal court sitting in or for this State. Defendant's record of convictions deals exclusively with convictions in New Jersey courts. In any case, since appellant has not asserted any error in the record of convictions, we find no basis for reversing simply to afford him the opportunity of presenting mitigating contentions with respect thereto. Notwithstanding the foregoing, better practice of the Director would have been to put appellant on notice of his intention to consider appellant's prior record with respect to his claim of rehabilitation

or other basis for not applying the revocation sanction of the regulation against him. It appears, however, that the Director found that the recent conviction of an assault upon a youngster was sufficiently disqualifying for the proposed license apart from appellant's prior criminal record. We find this conclusion reasonable and not overcome by appellant.

Accordingly, finding no prejudicial due process error and ample basis to support the conclusion of the Director, we affirm.