CITY OF STRONGSVILLE, APPELLEE, *v.*
BROOKFIELD HOMES, INC. ET AL.,
APPELLANTS.

(No. 47103—Decided March 19, 1984.)

*Mr. R. J. Carbone,* for appellee.
*Mr. John D. Carroll III,* for appellants.

ANN MCMANAMON, J. Appellant, John B. Hootman, challenges a judgment of the Berea Municipal Court which found him personally liable for city of Strongsville taxes withheld from the employees of his co-defendant below, Brookfield Homes, Inc. ("Brookfield"). Appellant has filed no App. R. 9(C) statement or other record of the trial conducted on March 16, 1983 and he submits this appeal based upon the briefs, the original papers, the exhibits filed in the trial court and certified copies of the docket and journal entries.

The amended complaint filed by appellee city of Strongsville alleges that Hootman was jointly liable with Brookfield for withheld income taxes of $3,420.26 because he had signed "rele-

vant documents" while acting in a "fiduciary capacity" on behalf of Brookfield.

The appellant raises one assignment of error in the court's judgment for the full amount claimed against both defendants below:

"The trial court erred in rendering judgment against defendant John B. Hootman for withholding taxes owed by defendant Brookfield Homes, Inc."

Hootman argues that he cannot be personally liable for withholding taxes owed by Brookfield because under Strongsville Municipal Ordinance 191.17(C) only an "employer" can be liable to the city for such taxes. He contends that the appellee has neither alleged nor proved that he was an "employer" within the purview of this ordinance. Appellant posits that, in the absence of a specific statutory enactment, he cannot be held personally liable for withheld taxes simply because of his position as an officer of Brookfield.

Strongsville Municipal Ordinance 191.17 mandates the collection of a wage tax by each "employer." This section provides in part:

"(a) In accordance with rules and regulations prescribed by the Administrator, each employer within or doing business within the City shall deduct, at the time of the payment of such salary, wages, commission or other compensation, the tax at its then applicable percentage of the gross salaries, wages, commissions or other compensation due by the employer to the employee, and shall, on or before the last day of each month, make a return and pay to the Administrator the amount of taxes so deducted during the previous month. However, if the amount of the tax so deducted by an employer in any one month is less than one hundred dollars ($100.), the employer may defer the filing of the return and payment of the amount deducted until the last day of the month following the end of the

calendar quarter in which such month occurred.

"(b) Such returns shall be on a form or forms prescribed or acceptable to the Administrator and shall be subject to the rules and regulations prescribed therefor by the Administrator. Such employer shall be liable for the payment of the tax required to be deducted and withheld whether or not such taxes have, in fact, been withheld.

"(c) Such employer in collecting the tax shall be deemed to hold the same until payment is made by such employer to the City as a trustee for the benefit of the City, and any such tax collected by such employer from his employees shall, until the same is paid to the City be deemed a trust fund in the hands of such employer."

Subsection (a) clearly imposes an affirmative duty upon every employer within the city to deduct city income taxes from the salaries, wages, commissions and any other compensation paid each employee. Under subsection (c) the monies collected are deemed a trust fund in the hands of the employer as trustee. The employer has no legal right or interest in such withheld funds and would undeniably be liable for their loss or misuse. See *State, ex rel. Bettman*, v. *Canfield Oil Co.* (1929), 34 Ohio App. 267, 275, and *Bilovocki* v. *Marimberga* (1979), 62 Ohio App. 2d 169, 171-172 [16 O.O.3d 369].

Strongsville Municipal Ordinance 191.02(g) defines "employer" in the following terms:

" 'Employer' means an individual, partnership, association, corporation, government body, unit or agency, or any other entity, whether or not organized for profit, who or that employs one or more persons on a salary, wage, commission or other basis of compensation."

While an employer may also be an individual under the ordinance, it is admitted by the appellee that this action is maintained against appellant in his capacity as a fiduciary or officer of Brookfield, which is the employer.

It is well-established in Ohio that:

"Strict construction of taxing statutes is required, and any doubt must be resolved in favor of the citizen upon whom or the property upon which the burden is sought to be imposed." *Davis* v. *Willoughby* (1962), 173 Ohio St. 338 [19 O.O.2d 270], paragraph one of the syllabus. See, also, *Gulf Oil Corp.* v. *Kosydar* (1975), 44 Ohio St. 2d 208 [73 O.O.2d 507].

This principle requires us to construe Strongsville's municipal tax ordinances in favor of appellant. Since the ordinances fail to impose personal liability upon corporate directors, officers, or employees who may be responsible for tax collection, it was error for the trial court to hold appellant jointly liable with Brookfield for the subject taxes.

This conclusion is buttressed by reference to legislation enacted by the Ohio Legislature and the United States Congress. As in the instant case, both of these legislative bodies have enacted statutory provisions providing that wage withholding taxes collected by an employer are deemed held in trust for the benefit of the government entity involved.[1]

---

[1] R.C. 5747.07(E) provides in part:

"Each employer required to deduct and withhold any tax is liable for the payment of that amount required to be deducted and withheld, whether or not such tax has in fact been withheld, unless the failure to withhold was based upon the employer's good faith in reliance upon the statement of the employee as to liability and such amount shall be deemed to be a special fund in trust for the general revenue fund."

Section 7501(a), Title 26, U.S. Code, provides:

"Whenever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such

Specific statutes have also been enacted which hold various corporate agents personally liable for the collection of taxes and administration of the tax trust fund. R.C. 5747.07(G) provides:

"The officer or the employee having control or supervision of or charged with the responsibility of filing the report and making payment, is personally liable for failure to file the report or pay the tax due as required by this section. The dissolution of a corporation does not discharge an officer's or employee's liability for a prior failure of the corporation to file returns or pay tax due."

See, also, Section 6672, Title 26, U.S. Code, which provides in part:

"Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable;"

Section 6671(b), Title 26, U.S. Code defines "person" in the following terms:

"The term 'person', as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs."

We find that appellee has not chosen to enact such specifying legislation and cannot expand its ordinance by judicial action. The assignment of error is well-taken.

Accordingly, the judgment against appellant is reversed.

This cause is remanded to the Berea Municipal Court for further proceedings consistent with this entry.

*Judgment reversed and cause remanded.*

CORRIGAN, P.J., and NAHRA, J., concur.

tax to the United States, the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States. The amount of such fund shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including penalties) as are applicable with respect to the taxes from which such fund arose."