## MELNYK, Plaintiff, v. MELNYK, Defendant.

Common Pleas Court, Cuyahoga County.

No. 459330.   Decided August 20, 1952.

Lester Okum, Cleveland, for plaintiff.
Milton Firestone, William F. Waldeisen, Cleveland, for defendant.

## OPINION

By MERRICK, J.

A brief recital of facts is necessary to comprehend the legal question presented by a demurrer filed by plaintiff to defendant's cross petition for alimony.

In the year 1937, plaintiff commenced an action and secured a decree for divorce. The jurisdiction of this Court was invoked by constructive publication service. Plaintiff claimed that defendant's whereabouts was unknown and gave a last known address in the State of Michigan.

In the year 1951, defendant filed her cross petition in the same case, pleading facts upon which she bases a conclusion of gross neglect. One of these contentions is that in the year 1931 plaintiff abandoned her and their two children in the State of Michigan where she still resides.

Plaintiff's demurrer is based upon two theories:—(1.) A failure to state a cause of action, and (2.) that the action was not brought within the time limited for the commencement of such actions.

This opinion will discuss these questions in the inverse order in which they are raised, for the reason that the second of the bases for the demurrer is the more easily resolved in favor of the sufficiency of the pleading.

The contention is made that §11632 GC provides that a judgment secured without service other than publication may be reopened within five years after rendition. The writer of this opinion is of the conclusion that defendant's cross petition does not seek to reopen the judgment heretofore rendered. Not attacking the existing judgment, the action does not come within the purview of this section of the code.

The cross petition prays for a judgment which the Court could have entered at the time of trial, providing there had been, at that time, a service upon the plaintiff of the presently presented pleading. Does a delay of 15 years in such filing preclude the defendant's right to be heard? Any claim of laches should remain for disposition by the trial court and cannot be disposed of before a joining of the issues.

The question raised in ground one of the demurrer presents an interesting question, for the reason that the situation does not often arise after such a long time has elapsed between the time of the divorce and the attempt to secure a judgment for alimony.

It may definitely be stated that there can be no adjudication in personam of the question of alimony where there is no jurisdiction of the person of one of the parties. Woolford v. Woolford, 28 O. N. P. (ns) 127. A good statement of the law is found on page 128 of the opinion in this case and adopted for the purposes of this opinion, as follows:—

"It has been well recognized in the State of Ohio that, even though a decree for a divorce may be had by constructive service, an award for alimony may not be so obtained; neither can a wife be barred of her interests in her husband's property or her right to assert her claim for alimony through a proceeding by constructive service. Even though the divorce may be granted on such service, she may later assert her claim for alimony in a proper proceeding. * * * Though §11631 GC may provide a remedy for reaching such a situation, it is not all-inclusive, nor does it exclude other remedies. Such a purported judgment could be attacked by motion either directly or collaterally."

An analysis of the cases will disclose the fact that courts have always clearly distinguished the reviewable nature of a judgment in a divorce proceeding respecting property interests from the finality of the divorce; and that they have gone beyond this, in certain cases and, in furtherance of justice, to declare that the wife may maintain an action for alimony as "wife" although by reason of a previous dissolution by a decree of divorce the matrimonial relation no longer exists. Through all these cases there runs, clearly marked and broadly stated, the doctrine that the decree of divorce is immutable, yet the judgment as to property rights is not conclusive unless both parties had their day in court. **Bay v. Bay, 85 Oh St 426; Wick v. Wick, 58 Oh Ap 77.**

There is one reported case in which this rule was not adhered to, for the reason that the defendant who was constructively served was the owner of two parcels of real estate in the county in which the action was commenced and that no step had been taken to subject the real estate to the jurisdiction of the court for alimony purposes. In that case the action was commenced 24 years after the divorce. Under these conditions the trial court refused to entertain the complaint and was sustained by the Supreme Court. **Morgan v. Wakelin,** 24 O. C. C. R. (ns) 68, affirmed without opinion **72 Oh St 656.** It is fair to surmise that the peculiar circumstances of the case caused the courts to make it an exception to the rule.

In the case of **Weidman v. Weidman, 57 Oh St 101** at **page 103** of the **per curiam** opinion of the court is found this language:—

"In cases in which there is no jurisdiction of the person

of one of the parties, there can be no adjudication **in personam** of the question of alimony; and therefore in such cases, while the divorce may be valid, the question of alimony remains unadjudicated, and the wife may, under proper circumstances, maintain an action for alimony."

For many years there were various interpretations placed upon the full faith and credit clause of the U. S. Constitution so far as it applies to divorce cases but the doubt was finally resolved and practically dispelled in the case of Williams v. North Carolina (1942), 317 U. S., 287. Under this decision the decree of divorce granted to one who is at the time **bona fide** domiciled therein, rendered in a proceeding complying with due process, if valid under the laws of that state, is binding upon the courts of other states. This applies only to the decree of divorce and has no affect upon the alimony or property rights of the parties or their rights to adjudicate them in a proper tribunal. **Slapp v. Slapp, 73 Oh Ap 444.**

The rule announced need be amplified but little to provide that, after the granting of a foreign divorce decree to a husband, the right of the wife to alimony as an incident to a divorce because of the husband's aggression remains until adjudicated, although the court is precluded from granting a divorce to the wife by reason of the previously procured foreign divorce granted to the husband. Slapp v. Slapp, supra.

Long before the Supreme Court of the United States had resolved this question, Ohio courts had determined the public policy of this state to be that where one state had jurisdiction over one of the parties and undertook to dissolve the marriage, this state would recognize the power of such other state to so dissolve it, but while a decree of divorce so rendered would be recognized because of public policy, the state rendering it would not be permitted to project its jurisdiction into this state by constructive service and thereby affect property rights arising in Ohio by operation of Ohio Law. **Snyder v. Buckeye B & L Ass'n., 26 Oh Ap 175.** This same reasoning was adhered to in **Doerr v. Forsythe, 50 Oh St 726; McGill v. Deming, 44 Oh St 645,** and in **Woods v. Waddle, 44 Oh St 449.**

There is no distinction as to the effect of a decree rendered in a foreign forum from that rendered in a domestic forum when the party was served by publication only and had no knowledge of the proceedings. **Stephenson v. Stephenson, 54 Oh Ap 239.**

As long ago as in the case of **Cox v. Cox, 19 Oh St 502,** the Supreme Court has pronounced decisively on this question by holding that a decree of divorce in an **ex parte** proceeding cannot defeat the right of the petitioner to the alimony which

the statute intended to provide for her. Down through the years there has been no material modification of this rule.

The demurrer is overruled and the plaintiff may plead under rule of court.