THE STATE OF OHIO, APPELLEE, v. BATSCH, APPELLANT.

(No. 1790—Decided March 7, 1988.)

John J. Plough, prosecuting attorney, and Kevin T. Poland, for appellee.

R. J. Kane, for appellant.

COOK, J. On July 5, 1986, Kelly L. Batsch, appellant, was clocked by aircraft eastbound on Interstate 76 at seventy-seven miles per hour in a posted fifty-five-miles-per-hour speed zone. He was flagged over by Trooper Thomas P. Esenwein. He slowed down but continued driving. A second trooper, Phillip T. Shaeffer, pursued appellant and stopped him. Trooper Shaeffer observed that appellant did not have his seat belt buckled.

Appellant was charged with exceeding the speed limit, failure to comply with a lawful order and failure to wear a seat belt. At trial, appellant filed a motion to dismiss the seat belt charge, contending R.C. 4513.263, the seat belt law, is unconstitutional. The court found R.C. 4513.263 constitutional and overruled the motion to dismiss. On July 30, 1986, appellant was found guilty of failing to comply with a lawful order and failure to wear a seat belt, but was found not guilty of exceeding the speed limit.

Appellant has appealed the judgment of the trial court and has filed the following two assignments of error:

"1. The trial court erred in not finding section 4513.263 O.R.C. unconstitutional in that the same is an unreasonable extension of police power and a denial of due process of law in that same is discriminatory in nature and violative of both federal and state constitutions.

"2.   * * *"■

Appellant first contends that the court erred in not holding R.C. 4513.263 to be unconstitutional. He argues that the statute is an unreasonable extension of the police power and violates the Due Process Clause of the United States Constitution. He cites *State* v. *Betts* (M.C. 1969), 66 Ohio Law Abs. 102, 49 O.O. 2d 22, 107 N.E. 2d 549, a case declaring R.C. 4511.53, the motorcycle helmet law, unconstitutional because it was an unreasonable extension of police power, compelling behavior by an individual that will benefit the individual alone and not the public good. Appellant argues the same reasoning should apply to R.C. 4513.263.

Legislation promoting the state's interest in protecting the health, safety and welfare of its citizens is a proper exercise of the state's police power. A law compelling motorists to use a seat belt promotes such a state interest. It not only saves lives, but it promotes the welfare of its citizens since the results of death or severe injuries often lead to the state's providing long-term care at taxpayers' expense to those injured. In addition, the wearing of a seat belt secures a driver in his seat making it easier for him to retain control of his motor vehicle and thus reducing the chances that sudden emergencies on the road may cause him to lose control of his vehicle and collide with other vehicles.

We conclude R.C. 4513.263 is not an unreasonable extension of the state's police power.

*Judgment affirmed.*

CHRISTLEY, J., concurs.

FORD, P.J., concurs in judgment only.