DECISION AND JUDGMENT ENTRY
 STATEMENT OF THE FACTS
On August 10, 1999, Trooper Chris Siekman of the Ohio State Highway Patrol ticketed appellant, Roger C. Johnson, for operating a motor vehicle at a speed in excess of the posted speed limit, in violation of R.C. 4511.21(D), and for failure to wear a seat belt, in violation of R.C. 4513.263. On August 19, 1999, defendant entered a plea of not guilty and filed a motion to dismiss, arguing that the Circleville Municipal Court lacked subject matter jurisdiction. The trial court denied the motion to dismiss and the case proceeded to trial on September 7, 1999. At the conclusion of the evidence, the court entered judgment against Johnson and assessed a fine of $15 on the speeding charge, $25 on the seat belt charge, and court costs.
 OPINION I
Appellant's First Assignment of Error contends that the trial court lacked jurisdiction in this case. As our colleagues in the Tenth District Court of Appeals noted in a similar case, under R.C.2901.11, a person is subject to criminal prosecution if he "commits an offense under the laws of this state, any element of which takes place in this state." State v. Roger C. Johnson (Aug. 11, 1998), Franklin App. No 97APC12-1697, unreported. Section 18, Article IV, Ohio Constitution, provides that a judge of a municipal court has "such power and jurisdiction, at chambers, or otherwise, as may be directed by law." Pursuant to R.C. 1901.20(A), a municipal court has "jurisdiction * * * of the violation of any misdemeanor committed within the limits of its territory."
The record reveals that defendant was cited for violating R.C.4511.21 by driving sixty-seven m.p.h. in a posted fifty-five m.p.h. zone on U.S. Route 23 in Walnut Township, Pickaway County, Ohio. When stopped by Patrolman Siekman, he was not wearing his safety belt, a violation of R.C. 4513.263. Pursuant to R.C. 4511.99(D), the violation of any of the provisions of R.C. 4511.21 is a misdemeanor offense. Under R.C. 4513.99(F), the seat belt violation is a minor misdemeanor. Since defendant's violations of R.C. 4511.21 and 4513.263 occurred within the geographic boundaries of Pickaway County, the Circleville Municipal Court had jurisdiction to proceed and, if appropriate, to enter judgment against defendant. The Circieville Municipal Court was established pursuant to R.C. 1901.01
and 1901.02(B) provides for countywide jurisdiction of that court. We find, therefore, that the Circleville Municipal Court had both subject matter and territorial jurisdiction over this action. However, from our understanding of appellant's arguments, his objection to the jurisdiction of the Cireleville Municipal Court is neither statutory nor territorial, but is instead philosophical in nature.
Appellant advances three arguments to contest the jurisdiction of the trial court. First, since all authority belongs to the people, the people can delegate to the government only those powers possessed by the people. Second, the Ohio Constitution guarantees to appellant his right to use Ohio highways without interference. Finally, that the "administrative" laws created by the Bureau of Motor Vehicles do not apply to him.
Appellant cites scriptural sources[1] to argue for an unwritten, common law that does not permit state government to regulate his activities. In essence, appellant disputes the power of the central government of Ohio to regulate his activities on the roads of Pickaway County. The reporter of Judges described what happened when central authority failed in ancient Israel: "In those days, there was no king in Israel; every man did that which was right in his own eyes." Judges 21:23. "[T]he people possessing all governmental power, adopted constitutions completely distributing it to appropriate departments." Hale v. State (1896), 55 Ohio St. 210, 214,45 N.E. 199, 200. The people vested the legislative power of the state in the General Assembly (Section 1, Article II, Ohio Constitution), the executive power in the Governor (Section 5, Article III, Ohio Constitution), and the judicial power in the courts (Section 1, Article IV, Ohio Constitution). State ex rel. OhioAcademy of Trial Lawyers v. Sheward (1999). 86 Ohio St.3d 451, 462,715 N.E.2d 1062, 1076.
Appellant cites Section 1, Article VIII, of the 1802 Ohio Constitution, which is now Sections 1 and 2, Article I, of our present Ohio Constitution.[2] Section 2, Article I, Ohio Constitution, "is the functional equivalent of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution." State ex rel. Dayton F. O. P. Lodge No. 44 v. StateEmp. Relations Bd. (1986), 22 Ohio St.3d 1, 6, 488 N.E.2d 181, 185.
Whether a statute is constitutional under the Equal Protection Clause depends on whether a fundamental interest or suspect class is involved. Conley v. Shearer (1992), 64 Ohio St.3d 284, 289,595 N.E.2d 862, 867. A suspect class has been traditionally defined as one involving race, national origin, religion, or sex. Appellant does not claim membership in such a class. A statutory classification that does not involve a fundamental right does not violate the Equal Protection Clause of the Ohio Constitution if that classification rationally relates to a legitimate governmental interest. See Klepperv. Ohio Bd. of Regents (1991), 59 Ohio St.3d 131, 133,570 N.E.2d 1124, 1127. "Driving is not a right but a privilege well within the purview of a state's police powers." State v. Tanner
(1984), 15 Ohio St.3d 1, 5, 472 N.E.2d 689, 693; State v. Starnes
(1970), 21 Ohio St.2d 38, 45, 254 N.E.2d 675, 679. Therefore, there is no fundamental right at issue under the Equal Protection Clause in the instant case.
Appellant refers us to the language of what is now Section 1, Article I, Ohio Constitution, to argue his inalienable right to travel upon Ohio's highways. Section 1, Article I, Ohio Constitution, states: "All men are, by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing, and protecting property, and seeking and obtaining happiness and safety." In PretermCleveland v. Voinovich (1993), 89 Ohio App.3d 684, 627 N.E.2d 570, Judge Whiteside discussed this section of the Ohio Constitution as follows:
 In general, this provision guaranteeing the enjoyment of life and liberty confers upon the individual the right to do whatever he or she wishes to do so long as there is no valid law proscribing such conduct and so long as the conduct does not infringe upon rights of others recognized by the common law.
Id. at 691, 627 N.E.2d at 575.
The Supreme Court of Ohio recognized the right of the General Assembly to regulate the use of motor vehicles upon the state's highways as early as 1911. The court characterized that early legislation as "a remedial act, intended, in the first instance, to regulate the use of automobiles, and to provide for the safety of others who are lawfully using the public highways." Allen v. Smith
(1911), 84 Ohio St. 283, 294, 95 N.E. 829, 832. In 1917, the Supreme Court of Ohio upheld G.C. 12603, which made it a crime to operate a motor vehicle "at a speed greater than is reasonable or proper," finding the statute was not unreasonably vague. State v. Schaeffer
(1917), 96 Ohio St. 215, 117 N.E. 220, paragraph five of the syllabus. In 1920, the Supreme Court of Ohio held: "The state has full power to regulate the use of motor vehicles on its highways and may exact reasonable compensation for special facilities afforded, and make reasonable provision to insure safety." Saviers v. Smith
(1920), 101 Ohio St. 132, 128 N.E. 269, paragraph five of the syllabus.
In addition, appellant challenges the application of the seat belt law to him based on this inalienable right to travel. The Eleventh District Court of Appeals rejected a similar argument based on Section 1, Article I, Ohio Constitution. State v. Krohn (Oct. 18, 1996), Geauga App. No. 96-G-1970, unreported. The Krohn court held that the state may enact laws to benefit public safety and welfare, even if those laws remove certain aspects of one's personal liberty.Id., citing State v. Batsch (1988), 44 Ohio App.3d 81, 82,541 N.E.2d 475, 476. A law compelling motorists to use a seat belt promotes such a state interest.
 Under the decisions of the United States, and of this state, it is held that the inalienable rights given to the citizens of this state in Article I of the Ohio Constitution, and the equal protection and benefit guaranteed them in that document as well as in the federal Constitution, do not render the citizens immune from the operation of the police power.
Holsman v. Thomas (1925), 112 Ohio St. 397, 404, 147 N.E. 750, 752. Driving a car is a privilege and not a fundamental right. Tanner andStarnes, supra; Maumee v. Gabriel (1988), 35 Ohio St.3d 60,518 N.E.2d 558. Accordingly, we find that both R.C. 4511.21 and 4513.263 advance the state's interest in protecting the health, safety and welfare of its citizens and, therefore, represent a proper exercise of the state's police power.
Appellant also argues that R.C. 4511.21 and 4513.263 are "administrative" rules, and their enforcement by the "fourth branch of government" is, in some way, invalid. The General Assembly duly and properly enacted both R.C. 4511.21 and 4513.263. The Ohio State Highway Patrol, an arm of the executive branch of government, cited appellant with violation of these statutes. The Circleville Municipal Court, part of the judicial branch of government, tried appellant, and found him guilty of violating these sections of the Revised Code. For the reasons articulated in State v. Wise (July 13, 1999), Gallia App. No. 98CA12, unreported, indicating that the Ohio General Assembly is empowered to enact travel regulations and municipal courts possess jurisdiction to enforce them, we reject appellant's argument. See, also, State v. Johnson (Aug. 11, 1998), Franklin App. No. 97APC12-1697, unreported.
We find appellant's First Assignment of Error to be without merit and it is, therefore,
OVERRULED.
 II
Appellant's Second Assignment of Error alleges fraud. We interpret his argument as an allegation that government employees, entities, and agencies perpetrated a fraud upon appellant by carrying out their respective duties concerning enforcement of the laws of Ohio. Appellant contends that because the government has no jurisdiction to enforce the laws, employees of the government act fraudulently in carrying out their duties. Appellant cites no authority to support his proposition. We find, for all of the reasons set forth in the discussion of the First Assignment of Error, that the government has jurisdiction to enforce its laws. Appellant's Second Assignment of Error is without merit and is OVERRULED.
Accordingly, we AFFIRM the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cireleville Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
ABELE, J., and KLINE, P.J.: Concur in Judgment and Opinion.
 By: _______________________ DAVID T. EVANS, Judge
[1] Jeremiah 31:33 and Hebrews 8:10.
[2] Adopted as part of the 1851 Ohio Constitution.