DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Huron County Court of Common Pleas. There appellant was found guilty of drug possession. Because we conclude that the trial court committed no reversible error and that R.C. 2935.26 is not unconstitutional, we affirm.
Appellant, Lorne Black, was charged with possession of drugs in violation of R.C. 2925.11(A) and (C)(1)(a). The charge stemmed from an inventory search taken of appellant after he was arrested pursuant to R.C. 2935.26. Appellant pled not guilty and moved to suppress evidence discovered as incident to his arrest. What follows is a summary of the testimony presented at the suppression hearing.
One of the arresting officers testified that on October 22, 2000 at approximately 1:00 a.m., he and his partner were on patrol in the city of Norwalk, Ohio. The officers saw appellant "staggering" on the sidewalk. They noticed that he stumbled, almost falling into the street. Appellant then tripped on the curb and continued staggering down the sidewalk. The officers pulled up to appellant, exited their cruiser and approached him. The officer stated that he smelled a strong odor of an alcoholic beverage on appellant's breath, his eyes were bloodshot, glassy and dilated, and his balance was very poor. When questioned, appellant acknowledged having "a couple beers" and said he was on his way to another bar. Appellant, who was alone, identified himself to the officers. The officer stated that he did not perform any sobriety tests because no motor vehicle was involved. Appellant was cited for disorderly intoxication — a minor misdemeanor. The officer said that appellant was then arrested because he appeared unable to provide for his own safety and was at risk of harm if left to walk the streets.
The officer conducted an inventory search of appellant at the police station. There, the officer found a "white powdery substance" which was later identified as a drug known as "ecstasy."
Appellant then testified. Appellant said he had consumed approximately five beers in a bar several blocks away and was on his way to another bar. He stated that he tripped over a broken curb which was sticking up by two inches. Appellant denied losing his balance or staggering. He also stated that the officer had conducted the "pen test" on his eyes. Appellant said he was never given an opportunity to call for anyone to come and pick him up. Appellant eventually acknowledged that he was at some level of intoxication; he did not, however, feel he was "highly intoxicated," as indicated by the police officer.
The court ruled that the arrest was lawful and denied appellant's motion to suppress. Appellant pled no contest and was found guilty and sentenced for possession of drugs in violation of R.C. 2925.11(A).
Appellant now appeals, setting forth the following two assignments of errors:
 "1. The trial court erred when it denied the Defendant's Motion to Suppress.
 "2. An arrest for a minor misdemeanor because "The Defendant requires medical care or is unable to provide for his own safety" is unconstitutionally vague, overly broad, and violates the Defendant's right to due process."
 I.
We will address appellant's assignments of error in reverse order. Appellant, in his second assignment of error, contends that R.C.2935.26(A)(1) is "unconstitutionally vague, overly broad, and violates" appellant's right to due process.A statute is presumed to be in compliance with the Ohio Constitution and the courts will liberally construe a statute to save it from constitutional infirmities. State v. Sinito
(1975), 43 Ohio St.2d 98, 101. Furthermore, this presumption of constitutionality will be overcome only if it clearly appears that a law is in direct conflict with the Constitution. Ohio Public Interest ActionGroup v. Pub. Util. Comm. (1975), 43 Ohio St.2d 175, paragraph four of the syllabus.
The right of non-arrest for a minor misdemeanor is not constitutionally guaranteed, but is a right created, defined and regulated by statute.State v. Slatter (1981), 66 Ohio St.2d 452, 458. R.C. 2935.26(A)(1) provides that:
 "(A) Notwithstanding any other provision of the Revised Code, when a law enforcement officer is otherwise authorized to arrest a person for the commission of a minor misdemeanor, the officer shall not arrest the person, but shall issue a citation unless one of the following applies:
 "(1) The offender requires medical care or is unable to provide for his own safety." (Emphasis added.)
R.C. 2935.26(A)(1) permits police officers limited discretion in determining if an offender should be taken into custody for his own safety. Whether or not the arrest was justified may be determined by judicial review based upon the facts of each case. Where such facts do not establish that one of the exceptions applies, evidence obtained from the search pursuant to the arrest will be suppressed. See State v.Jones (2000), 88 Ohio St.3d 430.
Legislation promoting the state's interest in protecting the health, safety and welfare of its citizens is a proper exercise of the state's police power. State v. Batsch (1988), 44 Ohio App.3d 81, 82. In other words, unless a statute infringes on a constitutionally protected fundamental right either on its face or in its application, the state may enact regulations to benefit public safety and welfare, even if it removes certain aspects of one's personal liberty. Id. See also, Maumeev. Gabriel (1988), 35 Ohio St.3d 60 (privilege granted by legislature, such as driving, is not a fundamental right). In this case, appellant has failed to establish that the statute, which ensures citizens' safety, limits any constitutionally protected fundamental rights, either facially or in its application.
Therefore, we conclude that R.C. 2935.26(A)(1) is not unconstitutional.
Accordingly, appellant's second assignment of error is not well-taken.
 II.
Appellant, in his first assignment of error, argues that the trial court erred in denying his motion to suppress.
When determining a motion to suppress, a trial court becomes the trier of fact and is, therefore, in the best position to resolve questions of fact and to evaluate the credibility of witnesses. State v. Vance
(1994), 98 Ohio App.3d 56, 58; State v. Williams (1993), 86 Ohio App.3d 37,41. An appellate court must accept the findings of fact if they are supported by competent credible evidence. Id. Accepting those facts as true, the appellate court must "determine as a matter of law without deference to the trial court's conclusion, whether they meet the applicable standard." Id.
An arresting officer's testimony as to his "serious concern for the safety and welfare of the defendant," (i.e., late hour, heavy traffic, and distance from home) may constitute sufficient evidence supporting the arrest for intoxication under R.C. 2953.26(A)(1). See State v. Lowe
(June 19, 1998), Montgomery App. No. 16854, unreported.
In this case, although conflicting with appellant's version of the incident, the arresting officer stated his concerns for appellant's safety due to intoxication. According to the officer, appellant was staggering, almost fell into the street, was unsteady when trying to stand in one place, and had other physical indicators (glassy, bloodshot eyes and breath which smelled of alcoholic beverage) that he was intoxicated. Appellant acknowledged at the hearing that he had ingested four to five beers prior to talking with the officer. Even though the officer did not know the true amount of alcohol consumption at the time of the arrest, this acknowledgment supports the officer's conclusion that appellant was, in fact, under the influence and was not able to safely navigate the streets. Consequently, we conclude that sufficient evidence was presented from which the court could find that appellant could not provide for his own safety and the arrest was lawful. Therefore, the trial court did not err in denying appellant's motion to suppress the evidence found during the inventory search.
Accordingly, appellant's first assignment of error is not well-taken.
The judgment of the Huron County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Richard W. Knepper, J., JUDGES CONCUR.