This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Randall J. Bigley, appeals from the conviction of the Medina Municipal Court that found him guilty of failing to wear a safety belt. We affirm.
On January 20, 2001, Defendant was cited for failure to wear a safety belt, in violation of R.C. 4513.263(B)(1), a minor misdemeanor. A bench trial followed. The trial court found Defendant guilty and imposed a fine. Thereafter, Defendant appealed his conviction to this court and, on December 12, 2001, this court reversed and remanded the conviction. Statev. Bigley (Dec. 12, 2001), 9th Dist. No. 3180-M, at 6. Upon remand, the trial court again found Defendant guilty and imposed a fine. From this conviction, Defendant timely appeals and raises six assignments of error. As assignments of error two and five concern like issues, we will address them together.
 ASSIGNMENT OF ERROR I "The trial court erred by not having sufficient prima facie evidence to render a guilty verdict pursuant to the due process of law clause in the [Fifth] Amendment to the [United States] Constitution, and Article [I], Section 16 of the Ohio Constitution[.] * * *"
In his first assignment of error, Defendant challenges the sufficiency of the evidence presented at trial. Specifically, Defendant asserts that the State did not establish beyond a reasonable doubt that he improperly wore his safety belt in violation of R.C. 4513.263(B)(1). Defendant's assertion lacks merit.
In order for a defendant to preserve the right to appeal the sufficiency of the evidence upon which his conviction is based, he must timely file a Crim.R. 29 motion for acquittal with the trial court. Statev. Liggins (Aug. 18, 1999), 9th Dist. No. 19362, at 3. See, also, Statev. Roe (1989), 41 Ohio St.3d 18, 25. As such, a defendant's failure to make a Crim.R. 29 motion constitutes a waiver of any challenge to the sufficiency of the evidence on appeal. Liggins, supra. See, also, Statev. Thomas (July 20, 1993), 4th Dist. No. 1922 (finding that the defendant, who was found guilty of failing to obey a traffic control device, waived any argument regarding the sufficiency of the evidence due to his failure to move for a judgment of acquittal pursuant to Crim.R. 29(A)).
After a thorough review of the record, we find that Defendant failed to make a Crim.R. 29 motion for acquittal at the trial court level. Consequently, Defendant waived any objection to the sufficiency of the evidence on appeal. Accordingly, Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "[R.C. 4513.263(B)(1)] is an unconstitutional statute as it applies to [Defendant] and/or to the general population of the State of Ohio pursuant to the right to choose, [Ninth] [and]/or [Fourteenth] Amendment to the [United States] Constitution, and Article [I,] Section 20 of the Ohio Constitution[.] * * *"
 ASSIGNMENT OF ERROR V "[R.C. 4513.263(B)(1)] is an unconstitutional statute for being vague and ambiguous as it applies to [Defendant] and/or to the general population of the State of Ohio pursuant to the [Ninth] Amendment to the [United States] Constitution, and Article [I,] Section 20 of the Ohio Constitution[.] * * *"
In his second and fifth assignments of error, Defendant contends that R.C. 4513.263(B)(1) is unconstitutional for the following reasons: (1) the statute is vague; (2) the statute is ambiguous; and (3) the statute was not intended to protect the health, safety, or welfare of the general public. Defendant's contention is not well taken as he has waived these arguments for purposes of appeal.
Generally, "an appellate court will not consider any error which * * * a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v.Childs (1968), 14 Ohio St.2d 56, paragraph three of the syllabus; Statev. Glaros (1960), 170 Ohio St. 471, paragraph one of the syllabus. Similarly, "[c]onstitutional rights may be lost as finally as any others by a failure to assert them at the proper time." Childs,14 Ohio St.2d at 62, citing State v. Davis (1964), 1 Ohio St.2d 28; State ex rel. Spechtv. Bd. of Edn. (1981), 66 Ohio St.2d 178, 182, citing Clarington v.Althar (1930), 122 Ohio St. 608 and Toledo v. Gfell (1958),107 Ohio App. 93, 95. Therefore, it follows that the constitutionality of a statute must be raised at the first opportunity and, in a criminal prosecution, this means in the trial court. State v. Awan (1986),22 Ohio St.3d 120, 122. See, also, State v. Woodards (1966),6 Ohio St.2d 14, paragraph one of the syllabus. Furthermore, a challenge to the constitutionality of a statute must be raised with specificity in the lower court. Awan, 22 Ohio St.3d at 122, fn. 1, citing Wellston v.Morgan (1898), 59 Ohio St. 147, 162 and Columbus v. Rogers (1975),41 Ohio St.2d 161, 162.
Defendant, nevertheless, argues that he has timely challenged the constitutionality of R.C. 4513.263(B)(1) in the trial court when he entered his plea of not guilty. However, a review of the record reveals that Defendant did not challenge the constitutionality of R.C.4513.263(B)(1) in the trial court at the time he entered his plea or at any other instance. Accordingly, Defendant has waived his constitutional challenge.[1] Defendant's second and fifth assignments of error are overruled.
 ASSIGNMENT OF ERROR III "Patrolman [Fisher] erred by following [Defendant] at one car length at a speed of 45 miles per hour to cause [Defendant] to cross a double line in order to initiate a probable cause for a traffic stop in violation of [R.C.] 4511.34 and 4511.20[.] * * *"
In his third assignment of error, Defendant avers that Patrolman Fisher did not lawfully initiate a traffic stop. We disagree.
A traffic stop constitutes a seizure of a person under theFourth Amendment of the United States Constitution. Whren v. United States
(1996), 517 U.S. 806, 809-810, 135 L.Ed.2d 89. As such, the detaining officer must possess a reasonable and articulable suspicion that a violation of law has or may have been committed to justify a traffic stop. See State v. Epling (1995), 105 Ohio App.3d 663, 664. Moreover, "[w]here an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid[.]" Dayton v.Erickson (1996), 76 Ohio St.3d 3, 11-12. An appellate court utilizes the de novo standard of review when determining whether an officer had a reasonable and articulable suspicion to make the traffic stop. Ornelasv. United States (1996), 517 U.S. 690, 699, 134 L.Ed.2d 911; State v.Gutierrez (July 17, 1996), 9th Dist. No. 2215-M, at 6.
In the present case, Officer Fisher testified that he initiated the traffic stop after observing Defendant's vehicle cross over the double yellow line. In particular, he stated that Defendant's vehicle remained over the double yellow line for approximately 20 to 25 feet and that "[b]oth sides of the tire on the driver's side went over the double yellow line" and "[b]oth sets of the driver's side tires went over the double yellow line." He additionally noted that there was nothing in the road that would have forced Defendant to cross the double yellow line.
We find that Officer Fisher had an articulable and reasonable suspicion to initiate a traffic stop as Defendant had committed a minor traffic violation, namely, crossing over the double yellow line. See Dayton,76 Ohio St.3d at 11-12. See, also, R.C. 4511.33 (prohibits crossing the double yellow lines). Furthermore, we note that it is well-established that a traffic stop is justified when an officer sees a vehicle cross over a set of double yellow lines. State v. Matlack (Nov. 2, 1995), 4th Dist. No. 95CA1658; State v. Morrow (May 1, 1995), 12th Dist. No. CA94-10-085; State v. Parkinson (Apr. 11, 1997), 11th Dist. Nos. 96-L-101 and 96-L-120; State v. Stamper (1995), 102 Ohio App.3d 431, 438. Consequently, we hold that Patrolman Fisher initiated a constitutionally valid traffic stop. Defendant's fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR IV "The prosecution erred by making threats to [Defendant] before the first trial had started, by stating that she will add charges after the trial is over if [Defendant] refused to plead guilty and pay the fine and continued to go to trial, pursuant to the due process clause and the right to face ones [sic.] accuser, [Fifth] and [Sixth] Amendment[s] to the [United States] Constitution, Article [I], Sections 16 and 10 of the Ohio Constitution[.] * * *"
In his fourth assignment of error, Defendant alleges that the prosecutor erred by threatening to charge him with additional offenses if he refused to plead guilty to the violation of R.C. 4513.263(B)(1). However, Defendant fails to support his allegation with specific references to the record. "It is the duty of the [defendant], not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." (Emphasis added.) State v. Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M, at 7. See, also, App.R. 16(A)(7). This court will not guess at undeveloped claims on appeal. Elyria Joint Venture v. Boardwalk Fries,Inc. (Jan. 3, 2001), 9th Dist. No. 99CA007336, at 6. As Defendant's allegation is wholly unsubstantiated by any evidence in the record, we overrule his fourth assignment of error.
 ASSIGNMENT OF ERROR VI "The trial court erred in failing to try the case within the time limit allowed by statute for a speedy trial [R.C.] 2945.71(A). This denied [Defendant] due process and his right to [a] speedy trial pursuant to the [Sixth] Amendment to the [United States] Constitution and Article [I,] Section 10 of the Ohio Constitution."
In his sixth assignment of error, Defendant avers that he was denied his right to a speedy trial and to due process because his retrial was held outside the time limit outlined by R.C. 2945.71(A). We disagree.
It is well-established that the statutory periods provided in R.C.2945.71 are not applicable to retrials. State v. Fanning (1982),1 Ohio St.3d 19, 21; State v. Turner (1982), 4 Ohio App.3d 305, 306;State v. McAllister (1977), 53 Ohio App.2d 176, 178; and State v. Gettys
(1976), 49 Ohio App.2d 241, 243. As such, a court is not bound by the statutory standards of either the state or federal speedy trial acts when determining whether a speedy trial violation occurred. State v. Billups
(Aug. 15, 1991), 10th Dist. No. 91AP-68. Rather, the courts must determine whether the delay was reasonable under the federal and state constitutions. Fanning, 1 Ohio St.3d at 21. See, also, State v.Whitehouse (Nov. 25, 1981), 9th Dist. No. 1084, at 3; State v. Horton
(Nov. 12, 1981), 9th Dist. Nos. 10131 and 10162, at 2.
To determine whether the delay was reasonable, the United States Supreme Court has promulgated a four-prong test that includes: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his speedy trial right; and (4) the prejudice to the defendant. Barker v. Wingo (1972), 407 U.S. 514, 530, 33 L.Ed.2d 101. Additionally, "[t]he length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case." Id. at 530-31.
Here, we cannot say that the delay of forty-four days was presumptively prejudicial. See State v. Polhamus (June 18, 1999), 2nd Dist. No. 17283 (finding that one hundred and thirty-nine days is not presumptively prejudicial in a case involving a felony); State v. Laird (Dec. 15, 2000), 11th Dist. No. 99-P-0069 (finding that eight-nine days was not an unreasonable delay between date of remand and new trial in a misdemeanor action). Nonetheless, Defendant argues that he was prejudiced by the delay because Patrolman Fisher had difficulty remembering the events that resulted in his arrest. While it is true that Patrolman Fisher did assert that he did not recall certain occurrences, the record indicates that Defendant properly refreshed Patrolman Fisher's memory in accordance with the rules of evidence, thereby enabling Patrolman Fisher to testify regarding the events. See Evid.R. 612. Therefore, we cannot say that Defendant demonstrated that he was prejudiced in any way. Hence, since the delay was not presumptively prejudicial to Defendant, we need not inquire into the other Barker factors. See Barker, 407 U.S. at 530-31. Consequently, we do not find that Defendant was deprived of his right to a speedy trial. Defendant's second assignment of error is overruled.
Defendant's first, second, third, fourth, fifth, and sixth assignments of error are overruled. The conviction in the Medina Municipal Court is affirmed.
WHITMORE, J., BATCHELDER, J. CONCUR.
[1] Despite the fact that Defendant has waived his constitutional challenge, we note that R.C. 4513.263 has been deemed constitutional. SeeState v. Batsch (1988), 44 Ohio App.3d 81, 82 (concluding that R.C.4513.263 is not an unreasonable extension of the state's police power and, thus, the statute is constitutional); State v. Bradfield (Aug. 10, 1990), 6th Dist. No. S-89-33 (finding R.C. 4513.263 to be constitutional). See, also, State v. Johnson (July 7, 2000), 4th Dist. No. 99CA29 (stating that R.C. 4513.263 is constitutional because it advances the state's interest in protecting the health, welfare, and safety of the citizens); Brennan v. Ohio (Nov. 16, 1990), 6th Cir. No. 90-3123.